11/12/2020 1:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48040539
By: Lisa Thomas
Filed: 11/12/2020 1:13 PM

Certified Document Number: 93066121 - Page 1 of 8

CAUSE NO. _____

| | | |
|---|---|---|
| **CARL O. WILLIAMS** | § § § | **IN THE DISTRICT COURT** |
| **VS.** | § § § | **_____ JUDICIAL DISTRICT** |
| **SHELL OIL COMPANY** | § § § § | **HARRIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, CARL WILLIAMS, hereinafter referred to as Plaintiff, complaining of and about SHELL OIL COMPANY., hereinafter referred to as Defendant or "SHELL", and for cause of action files this his Plaintiff's Original Petition, showing to the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1.  Plaintiff intends to conduct discovery under Level Three, as described in Rule 190.4 of the Texas Rules of Civil Procedure.

**II.**
**PARTIES AND SERVICE**

2.  Plaintiff, CARL WILLIAMS, is a citizen of the United States and the State of Texas and resides in Houston, Harris County, Texas.

3.  Defendant, SHELL OIL COMPANY., is within the state of Texas and operating business in Houston, Harris County, Texas.

4.  Defendant, SHELL OIL COMPANY., is a Foreign For-Profit Corporation and may be

1

**EXHIBIT A**

served with process via Certified Mail return receipt requested through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas Texas 75201-3136 USA.

### III.
### JURISDICTION AND VENUE

5. This Court has jurisdiction of this action, as this case arises under Chapter 21 of the Texas Labor Code and damages are within the jurisdiction of this court and will continue to increase as this case proceeds to trial. Moreover, venue is proper in Harris County, Texas, pursuant to the Texas Civil Practice and Remedies Code § 15.002, as all or a substantial part of the events or omissions giving rise to this claim occurred in this county.

### IV.
### NATURE OF ACTION

6. This is an action brought pursuant to Chapter 21 of the Texas Labor Code, and Title VII of the Civil Rights Act of 1964, to correct and recover for Defendant's unlawful race discrimination, and retaliation on the basis of Plaintiff's protected complaints.

### V.
### CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies provided under the relevant statutory administrative scheme.

### VI.
### FACTS

8. Carl Williams, an African American male, joined Shell on January 28, 2019. Mr. Williams experienced various forms of discrimination during his employment. For example, Mr. Williams was confronted during his second week at Shell by a colleague named Holly Burns and was told that he was too confident and cocky. Burns also told Williams he had

2

Certified Document Number: 93066121 - Page 2 of 8

to "earn his stripes." Surprisingly, Mr. Williams was approached by his supervisor and was advised not to get into any additional skirmishes with other employees.

9. At a company celebration event held in Miami on October 9, 2019, a white male coworker named Clement Delahunt grabbed Mr. Williams' rear end and told Mr. Williams he had "a nice ass." Mr. Williams verbally confronted Delahunt. The incident was brought to management's attention. Although this incident was witnessed by another Shell colleague named Damon Higginbotham, Delahunt was not disciplined other than being told to leave the event.

10. Mr. Williams performed well in his role at Shell. After his onboarding process, he started working with his assigned distributors in June of that same year. He was never informed about any alleged performance deficiencies until the day he was told he would be separated from his employment. Mr. Williams' termination was based on the pretext that he was underperforming. Mr. Williams' record, however, demonstrates that this is not true. Mr. Williams gained about 125 thousand gallons of new business that was delivered through his distributors during the second half of 2019. He gained 44.5 thousand gallons of new business during the month of February, his last full month of employment. Indeed, Mr. Williams' performance had been rewarded with a $23,000 bonus in February—just weeks before his termination.

11. Mr. Williams's termination was wrongful. Mr. Williams did not receive any warnings, probation, or any escalation of discipline leading up to termination. Mr. Williams' non-African American counterparts were not treated in such a fashion and/or abruptly terminated without warning.

3

Certified Document Number: 93066121 - Page 3 of 8

12. Shell will likely point to a minor disagreement that occurred during a sales visit. This incident was really a misunderstanding and its escalation into something significant was racially motivated. Shell sought to terminate Mr. Williams rather than give him a warning, additional training, or some lesser form of discipline. Non-African American counterparts are not treated in a similar fashion and would have received the benefit of escalated discipline rather than immediate termination.

13. By way of example, another Shell employee named Lucas Kerley accused Breaux Petroleum—a distributor that Mr. Williams was assigned to—of not wanting to work with Mr. Williams because of his race. Mr. Williams was removed from this assignment and replaced with a white counterpart. Lucas Kerley informed Breaux Petroleum directly that they should no longer have any issues with their newly assigned sales representative because he was Caucasian. Breaux Petroleum was very offended that Kerley accused the company of discrimination and racism. Kerley, however, was not terminated but merely coached. Kerley continued to work with Breaux Petroleum after this incident.

14. Shell has fostered an environment where it is difficult for African American employees to achieve or—in many cases—to even remain in their positions at Shell. African American employees are not supported like their non-African American counterparts. Mr. Williams has been able to obtain testimonials from former Shell employees who experienced similar discrimination.

## VII.
## RACE DISCRIMINATION
## UNDER THE TEXAS LABOR CODE & 42 U.S.C. 2000e, *et seq*.

15. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs

4

above as if fully set forth herein.

16. Defendant intentionally engaged in unlawful employment practices against Plaintiff on the basis of RACE in violation of Section 21.051 et seq., of the Texas Labor Code and 42 U.S.C. 2000e, *et seq*.

17. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of an employment opportunity or adversely affect his status because of Plaintiff's opposition based on race in violation of Section 21.051 et seq., of the Texas Labor Code and 42 U.S.C. 2000e, *et seq*.

18. Defendant discriminated against Plaintiff in the form of denied career opportunities, a demotion and effective termination, subsequent to protected complaints based on race.

19. Defendant discriminated against Plaintiff by effectively terminating Plaintiff based on his opposition to differential treatment based on race.

## XIII.
## RETALIATION
## UNDER THE TEXAS LABOR CODE

20. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

21. Plaintiff, in good faith, engaged in a protected activity, i.e. making protected complaints regarding differential treatment based on race and sex.

22. Defendant intentionally engaged in unlawful retaliation, i.e. discrimination and harassment leading to termination, against Plaintiff after he engaged in protected activity by opposing discrimination based upon race (in the department) and sexual harassment under the Texas

5

Labor Code § 21.055 and 42 U.S.C. 2000e, *et seq.*

23. Defendant unlawfully retaliated by terminating Plaintiff for protected actions taken under the Texas Labor Code § 21.055 and 42 U.S.C. 2000e, *et seq.*

## IX.
## DAMAGES

24. By reason of Defendant's acts and conduct, as herein alleged, Plaintiff has been damaged as follows:

25. a) Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under the Texas Labor Code and 42 U.S.C. 2000e, *et seq.*

   b) Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

   c) Attorney's fees pursuant to the Texas Labor Code and 42 U.S.C. 2000e, *et seq.*

   d) Exemplary damages for Defendant engaging in unlawful intentional employment practices and engaging in discriminatory practices with reckless indifference to state protected rights of an aggrieved individual, like Plaintiff Carl O. Williams.

   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks monetary relief over $200,000 but not more than $1,000,000, including costs, expenses, pre- and post-judgment interests, and attorney's fees. Plaintiff further requests that the non-expedited rules apply in this case.

Certified Document Number: 93066121 - Page 6 of 8

## X.
## JURY DEMAND

26. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XI.
## REQUEST FOR DISCLOSURE

27. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request the information or material described in Texas Rule of Civil Procedure 194.2.

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, CARL O. WILLIAMS, respectfully prays that Defendant, SHELL OIL COMPANY., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Certified Document Number: 93066121 - Page 7 of 8

Respectfully Submitted,

kennard
miller
hernandez pc

By: _____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
alfonso.kennard@kennardlaw.com
Daniel J. Salas
Texas Bar No. 24102445
daniel.salas@kennardlaw.com
100 N.E. Loop 410, Suite 610
San Antonio, Texas 78216
Main: 210.314.5688
Fax: 210.314.5687
**ATTORNEYS FOR PLAINTIFF
CARL O. WILLIAMS
PLAINTIFF HEREBY DEMANDS
TRIAL BY JURY**

8

Certified Document Number: 93066121 - Page 8 of 8



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 17, 2020

Certified Document Number:        93066121 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**